**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Tel. (973) 267-0220
By: Adam G. Brief, Esq. (AGB 6714)
*Attorneys for Trustee/Plaintiff, Steven P. Kartzman*

| | |
|---|---|
| **In Re:**<br><br>**AERWAV INTEGRATION GROUP, INC., AERWAV HOLDINGS, LLC, AERWAV INTEGRATION SERVICES, INC., AND HI-RISE SAFETY SYSTEMS, INC.,**<br><br>                              **Debtors.**<br><br>**STEVEN P. KARTZMAN,**<br>as Chapter 7 Trustee,<br><br>                              **Plaintiff,**<br><br>v.<br><br>**RON HENKE,**<br><br>                              **Defendant.** | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br><br>CHAPTER 7<br>CASE NO.: 05-33791 through 05-33794 NLW<br><br>ADV. PROC. NO.:<br><br>**ADVERSARY COMPLAINT FOR AVOIDANCE OF TRANSFER OF PROPERTY PURSUANT TO 11 U.S.C. §§ 544, 547 AND 548, AND OTHER RELIEF** |

Steven P. Kartzman, the duly appointed Trustee in Bankruptcy ("Trustee") for the estates of Aerwav Integration Group, Inc., Aerwav Holdings, LLC, Aerwav Integration Services, Inc., and Hi-Rise Safety Systems, Inc. (collectively, the "Debtors"), having an address at Mellinger, Sanders & Kartzman, LLC, 101 Gibraltar Drive, Suite 2F, Morris Plains, New Jersey 07950, by and through his counsel, for his Complaint states as follows:

## JURISDICTION AND VENUE

1.     On July 22, 2005, the above captioned debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). On June 25, 2007, the

Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code.

2. On June 26, 2007, Steven P. Kartzman was appointed to serve as interim Trustee under Section 704 with the duties described in 11 U.S.C. § 704.

3. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

4. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O).

5. The venue is proper in this core proceeding pursuant to 28 U.S.C. § 1409.

6. This matter is brought pursuant to the equitable powers of the Court pursuant to 11 U.S.C. §§ 105(a), 544, 547, 548, 549 and 550 and Bankruptcy Rule 7001, *et seq.*

## BACKGROUND INFORMATION

7. Upon information and belief, Defendant Ron Henke (the "Defendant"), was a former employee of one of the Debtors.

8. The Debtors' books and records disclose that on one or more dates within the one year period preceding the Petition Date, one or more of the Debtors transferred the approximate sum of $45,000 to the Defendant. A schedule of some but not all of the sums transferred, which collectively constitute the Pre-Petition Transfers, is annexed hereto as Schedule A. The Trustee intends to avoid and recover all transfers made by the Debtors to or for the Defendant's benefit during the period described above, whether or not said transfer is set forth on Schedule A annexed hereto. Plaintiff reserves the right to supplement and amend the allegations of this Complaint including, without limitation, identifying additional transfers and the monetary amounts being sought.

9. The Defendant did not provide any meaningful services, goods or loans to the

Debtors in exchange for the Pre-Petition Transfers.

10. The Pre-Petition Transfers constituted transfers of the Debtors' assets.

11. The Pre-Petition Transfers were made with actual intent to hinder, delay, or defraud creditors of the Debtors.

12. The Pre-Petition Transfers were made without the respective Debtor receiving a reasonably equivalent value in exchange, and the remaining assets of the Debtor were unreasonably small in relation to the Debtor's business, and/or the Debtor should reasonably have believed that the Debtor would incur debts beyond its ability to pay as they became due.

13. The respective Debtor made the Pre-Petition Transfers without receiving a reasonably equivalent value in exchange and the Debtor was insolvent or became insolvent at the time of the Pre-Petition Transfers.

14. Alternatively, the Pre-Petition Transfers were made to an insider on account of an antecedent debt, the respective Debtor was insolvent at the time and the Defendants had reasonable cause to believe that the Debtor was insolvent.

15. The Trustee may avoid transfers of the Debtors' property that are voidable pursuant to state law.

16. Alternatively, the respective Debtor received less than a reasonably equivalent value in exchange for the Pre-Petition Transfers and was insolvent or became insolvent at the time of the Pre-Petition Transfers.

17. Alternatively, the respective Debtor received less than a reasonably equivalent value in exchange for the Pre-Petition Transfers and was engaged in a business for which the Debtor's remaining property was unreasonably small.

18. Alternatively, the respective Debtor received less than a reasonably equivalent value in exchange for the Pre-Petition Transfers and the Debtor incurred debts beyond the Debtor's ability to repay.

19. Alternatively, the Pre-Petition Transfers constituted loans from the respective Debtor to the Defendant which the Defendant has failed and refused to repay.

20. The Pre-Petition Transfers described are due from Defendant on a certain book account. Payment has been demanded but has not been made.

21. The Defendant being indebted to one or more of the Debtors on account of said Pre-Petition Transfers, upon an account stated between them, did promise to pay said sums to the Debtor upon demand. Payment has been demanded but has not been made.

22. Any transfers that occurred after the Petition Date (the "Post-Petition Transfers") are voidable by the Trustee, as same were not authorized by the Bankruptcy Code nor Court Order.

## FIRST COUNT [11 U.S.C. § 547]

23. Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. The Pre-Petition Transfer was made on account of an antecedent debt owed by the respective Debtor to the Defendant.

25. The Pre-Petition Transfer was made while the Debtor was insolvent.

26. The Pre-Petition Transfer enabled the Defendant to receive more than it would receive if this case were not one under Chapter 7 of the Bankruptcy Code, the Pre-Petition Transfer had not been made and Defendant received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

27. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover from the Defendant the Pre-Petition Transfer for the benefit of the estate.

WHEREFORE, Plaintiff/Trustee, Steven P. Kartzman, demands judgment against Defendant as follows:

    (a) Determining that the Pre-Petition Transfer is a preference and avoidable

pursuant to 11 U.S.C. § 547;

(b) ordering that the Pre-Petition Transfer is hereby avoided;

(c) directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfer to the Plaintiff/Trustee forthwith;

(d) for Costs of suit;

(e) for Interest; and

(f) for such other relief as the Court may deem just and equitable.

### SECOND COUNT [11 U.S.C. § 548]

28. Plaintiff repeats and realleges the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Upon information and belief, the Debtor made the Pre-Petition Transfer (i) with actual intent to hinder, delay or defraud the other creditors of the Debtor; or (ii) received less than a reasonably equivalent value in exchange for such Pre-Petition Transfer and was insolvent on the date such Pre-Petition Transfer was made, and/or was engaged in a business or transaction, or was about to engage in a business or transaction for which any property remaining with the Debtor was an unreasonably small capital, and/or intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts that would be beyond its ability to pay as such debts matured.

30. As a result of the Debtor's aforesaid actions, the Pre-Petition Transfer was fraudulent pursuant to Section 548(a)(1) of the Bankruptcy Code.

31. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from Defendant the Pre-Petition Transfer for the benefit of the estate.

WHEREFORE, Plaintiff/Trustee, Steven P. Kartzman, demands judgment against Defendant as follows:

(a) Determining that the Pre-Petition Transfer was fraudulent and avoidable

      pursuant to 11 U.S.C. § 548;

 (b)  ordering that the Pre-Petition Transfer is hereby avoided;

 (c)  directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfer to the Plaintiff/Trustee forthwith;

 (d)  for costs of suit;

 (e)  for interest; and

 (f)  for such other relief as the Court may deem just and equitable.

## THIRD COUNT  [11 U.S.C. § 544(b)]

32. Plaintiff repeats and realleges the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Trustee represents the interest of creditors of the Debtor's estate whose claims arose both before and after the Pre-Petition Transfer.

34. As a result of the Debtor's aforesaid actions, the Pre-Petition Transfer was fraudulent pursuant to N.J.S.A. 25:2-25(a) and/or (b).

35. Pursuant to Section 544(b) of the Bankruptcy Code, Plaintiff may avoid the Pre-Petition Transfer.

36. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendant the Pre-Petition Transfer for the benefit of the estate.

WHEREFORE, Plaintiff/Trustee, Steven P. Kartzman, demands judgment against Defendant as follows:

 (a)  Determining that the Pre-Petition Transfer was fraudulent pursuant to N.J.S.A. 25:2-25(a) and/or (b);

 (b)  determining that the Pre-Petition Transfer is avoidable pursuant to 11 U.S.C. § 544;

 (c)  ordering that the aforesaid fraudulent Pre-Petition Transfer is hereby

    avoided;

(d)    directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfer to the Plaintiff/Trustee forthwith;

(e)    for costs of suit;

(f)    for interest; and

(g)    for such other relief as the Court may deem just and equitable.

## FOURTH COUNT [11 U.S.C. § 544(b)]

37.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.    The Debtor did not receive reasonably equivalent value in exchange for the Pre-Petition Transfer.

39.    The Debtor was insolvent or became insolvent as a result of the Pre-Petition Transfer.

40.    As a result of Debtor's aforesaid actions, the Pre-Petition Transfer was fraudulent pursuant to N.J.S.A. 25:2-27(a) and/or (b).

41.    Pursuant to Section 544 of the Bankruptcy Code, Plaintiff may avoid the Pre-Petition Transfer.

42.    Pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from Defendant the Pre-Petition Transfer for the benefit of the estate.

WHEREFORE, Plaintiff/Trustee, Steven P. Kartzman, demands judgment against Defendant as follows:

(a)    Determining that the Pre-Petition Transfer was fraudulent pursuant to N.J.S.A. 25:2-27(a) and/or (b);

(b)    determining that the Pre-Petition Transfer is avoidable pursuant to 11 U.S.C. § 544;

(c)    ordering that the aforesaid fraudulent Pre-Petition Transfer is hereby

    avoided;

 (d) directing that Defendant surrender and deliver a sum equal to the amount of the Pre-Petition Transfer to the Plaintiff/Trustee forthwith;

 (e) for costs of suit;

 (f) for interest; and

 (g) for such other relief as the Court may deem just and equitable.

### FIFTH COUNT [11 U.S.C. § 549(a)]

43. Plaintiff repeats and realleges the allegations of paragraphs 1 through 42 as if fully set forth herein.

44. Pursuant to 11 U.S.C. § 549, the Trustee may avoid transfers that occur post-petition unless same are authorized by the Bankruptcy Code or by Court Order.

45. Any transfers that occurred after the Petition Date are voidable by the Trustee, as same were not authorized by the Bankruptcy Code nor Court Order.

WHEREFORE, Steven P. Kartzman, Trustee, requests judgment against Defendant, as follows:

 (a) Voiding the Post-Petition transfers described;

 (b) directing that Defendant surrender and deliver a sum equal to the amount of the avoided transfers to the Plaintiff/Trustee herewith;

 (c) for interest, attorneys' fees and costs of suit; and

 (d) for such other relief as the Court may deem just and equitable.

### SIXTH COUNT [11 U.S.C. § 550]

46. Plaintiff repeats and realleges the allegations of paragraphs 1 through 45 as if fully set forth herein.

47. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. § 544, 547, 548 or 549, the Trustee may recover the property transferred or the value of such property.

48. Either the transfers at issue or the value of the transfers may be recovered by the

Trustee.

WHEREFORE, Steven P. Kartzman, Trustee, requests judgment against Defendant, as follows:

    (a)    Voiding the transfer of the sums described;

    (b)    for the sums described;

    (c)    for interest, attorneys' fees and costs of suit; and

    (d)    for such other relief as the Court may deem just and equitable.

### SEVENTH COUNT [Loans]

49. Plaintiff repeats and realleges the allegations of paragraphs 1 through 48 as if fully set forth herein.

50. The Pre-Petition Transfer constituted a loan from the Debtor to the Defendant which the Defendant has failed and refused to repay.

51. Loans to the Defendant constitute property of the estate pursuant to 11 U.S.C. § 541 which the Trustee may collect pursuant to 11 U.S.C. § 704.

52. The Defendant is indebted to the Debtor on account of the transfers at issue.

WHEREFORE, Steven P. Kartzman, Trustee, requests judgment against Defendant, as follows:

    (a)    For the sums described;

    (b)    for interest, attorneys' fees and costs of suit; and

    (c)    for such other relief as the Court may deem just and equitable.

### EIGHTH COUNT [Legal Fees Under Rule 7008(b)]

53. Plaintiff repeats and realleges the allegations of paragraphs 1 through 52 as if fully set forth herein.

54. Plaintiff has and will incur significant legal expenses in order to pursue the claims set forth in this Complaint.

55. Plaintiff is entitled to reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008(b).

WHEREFORE, Steven P. Kartzman, Trustee, requests judgment against the Defendant as follows:

(a) Compelling the Defendant to pay Plaintiff's reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008(b);

(b) granting such other relief as the Court may deem just and equitable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff may have against the Defendant, on any and all grounds, as allowed under the law or in equity.

Respectfully submitted,
**MELLINGER, SANDERS & KARTZMAN, LLC**
*Attorneys for Plaintiff, Steven P. Kartzman*
*Chapter 7 Trustee*

By: /s/ Adam G. Brief
ADAM G. BRIEF

Dated: January 5, 2009

**Schedule A**

| Check Date | Check Clear Date | Payee | Check No. | Amount |
|---|---|---|---|---|
| 9/30/2002 | 9/30/2002 | Ron Henke | Wire | $20,000 |
| 12/4/2002 | 12/4/2002 | Rone Henke | Wire | $15,000 |
| 7/2/2003 | 7/2/2003 | Ron Henke | Fund Transfer | $3,000 |